IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK J. ELLERBE** : | CIVIL ACTION |
| : | |
| **v.** : | |
| : | |
| **THE PRESIDENT OF THE U.S., THE** : | |
| **ATTORNEY GENERAL OF THE U.S.,** : | |
| **THE EXECUTIVE BRANCH OF THE** : | |
| **U.S. GOV., THE U.S. CONGRESS, THE** : | |
| **U.S.P.S. AND IT'S BOARD OF** : | |
| **GOVERNORS, THE U.S.P.S.** : | |
| **INSPECTOR GENERAL and THE U.S.** : | |
| **ATTONEY FO RTHE EASTERN DISTRICT** : | |
| **OF PENNSYLVANIA, Each Defendant** : | |
| **Is Being Sued Individually (Congress,** : | |
| **U.S.P.S. Board of Gov. and Exec.** : | NO. 20-211 |
| **Branch) and Officially** : | |

**MEMORANDUM**

**Savage, J.**                                                                                                          **August 7, 2020**

Plaintiff Derrick J. Ellerbe, a frequent *pro se* litigator,[1] has filed suit against the President of the United States, various executive branch officers and government agencies alleging civil rights violations. His claims are no different than those he has made many times. He also seeks leave to proceed *in forma pauperis*.

Because it appears that he is not capable of paying the fees to commence this action, Ellerbe will be granted leave to proceed *in forma pauperis*. We shall dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because his claims are time-barred, repetitive and frivolous. In light of his litigation history of filing frivolous lawsuits in this

---

[1] Since 2008, Ellerbe has filed at least 35 cases in this court. *See, e.g., Ellerbe v. The United States Government*, Civ. A. No. 14-5041, 2014 WL 4446128, at *2 (E.D. Pa. Sept. 5, 2014) (listing 18 cases brought by Ellerbe through the date of that opinion); *Ellerbe v. The Mayor of Philadelphia*, Civ. A. No. 19-2716; *Ellerbe v. United States*, Civ. A. No. 19-2718; *Ellerbe v. Pa General Assembly*, Civ. A. No. 19-3554; *Ellerbe v. The Pa. Governor and Executive Branch of State Government*, Civ. A. No. 19-6043.

district, we shall also issue an Order to show cause why Ellerbe should not be enjoined from filing future cases concerning the time-barred, repetitive and frivolous allegations made in this and his prior lawsuits.

## Factual Allegations

Citing federal criminal statutes, Ellerbe seeks to invoke federal question jurisdiction based on allegations, nearly identical to those made in his previous lawsuits, that he has been "illegally stalked and terrorized since the middle of 2007," was kidnapped in 2010, was subjected to discrimination, and was jailed for a period of six months in 2013.[2] He also lists several Pennsylvania criminal statutes covering human trafficking, kidnapping, theft and inchoate crimes. Without citing any factual bases, he includes conclusory labels such as "negligence," "negligent infliction of emotional distress," "conspiracy against rights under the color of laws," and "R.I.C.O. Conspiracy".

## Standard of Review

Because Ellerbe is proceeding *pro se* under § 1915, his Complaint must be dismissed if it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989. It is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

---

[2] S*ee* Compl. at 2-3 (Doc. No. 2). *See also Ellerbe v. The Mayor of Philadelphia*, Civ. A. Nos. 19-2716, 19-2718 2019 WL 2866085 (E.D. Pa. July 3, 2019) (making similar allegations against Philadelphia politicians, officials and agencies and against the United States, federal agencies, and the City of Philadelphia); *Ellerbe v. Pa General Assembly*, Civ. A. No. 19-3554 (making similar allegations against the Pennsylvania Legislature, Governor, Attorney General and SEPTA).

"[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Because plaintiff is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### Ellerbe's *Pro Se* Complaint

Ellerbe appears to be asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which provides a remedy for certain constitutional torts committed by persons acting in their capacities as federal officials.

The timeliness of a *Bivens* claim is the same as it is for claims brought under § 1983. The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. 42 Pa.C.S. § 5524.

The Pennsylvania statute of limitations for personal injury actions begins to run when the plaintiff knows of his injury, its operative cause, and the causal connection of the injury to the operative cause. *Anthony v. Koppers Co.*, 425 A.2d 428, 431 (Pa. Super. 1980), *rev'd on other grounds*, 436 A.2d 181 (Pa. 1981). In most cases, knowledge of the injury and its cause are contemporaneous.

Because the statute of limitations bar is apparent on the face of Ellerbe's Complaint, it must be dismissed. Ellerbe alleges his claims occurred as early as 2007.

3

The most recent alleged harm occurred in 2013. His complaint clearly shows he knew of the existence of his injury and its alleged cause at the time he claims it occurred.

To the extent Ellerbe cites various federal criminal statutes as a basis for his claims, we find those claims to be frivolous and malicious. Criminal statutes rarely give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), aff'd, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), aff'd, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019); *see also Ellerbe v. U.S. Federal Government Officials*, Civ. A. No. 17-1475, 2017 WL 1324898, at *3 (E.D. Pa. Apr. 6, 2017) (holding that "in the event Ellerbe sought to raise claims under criminal statutes or file criminal charges, there is no legal basis for his claims.").

Ellerbe cites 18 U.S.C. §§ 241, 242 and 245. These sections establish criminal liability for certain deprivations of civil rights and for conspiracy to deprive one of his civil rights. They do not provide for a private cause of action.[3]

---

[3] *Ellerbe v. Mayor of Philadelphia*, Civ. A. No. 19-2716, 2019 WL 2866085, at *2 (E.D. Pa. July 3, 2019) (citing *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242)).

The statutes Ellerbe cites concerning obstruction of justice do not provide for a private cause of action.[4] Because we and other judges have previously dismissed these claims, Ellerbe's inclusion of them here is not only frivolous, but malicious.

Ellerbe also cites the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1964.[5] To the extent that he asserts a RICO claim, it must be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)  It is the identical claim he previously raised and we dismissed.[6]

Ellerbe's claim based on Pennsylvania statutes concerning human trafficking and kidnapping, which we read as asserting a *Bivens* claim against the named federal officials, is also patently frivolous as public records show that Ellerbe's claim of being "kidnapped" derives from his being jailed for a contempt conviction. *See Commonwealth v. Ellerbe*, MC-51-CR-12725-2013 (Phila. Mun. Ct.). This claim was previously raised by Ellerbe and dismissed in Civil Action Nos. 14-5041, 19-2716 and 19-2718. Thus, it is frivolous and malicious.

---

[4] *Id.* (citing *Gage v. Wells Fargo Bank, N.A., AS*, 555 F. App'x 148 (3d Cir. 2014) (holding that 18 U.S.C. §§ 1505 and 1510 do not confer a private right of action); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), aff'd, 350 F. App'x 605 (3d Cir. 2009) (holding that 18 U.S.C. §§ 1506, 1512, and 1513 do not confer a private right of action)).

[5] "[A] plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006). To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. *Id.*; 18 U.S.C. § 1961(1), (5).

[6] *See Ellerbe v. Mayor of Philadelphia*, 2019 WL 2866085, at *2; *Ellerbe v. U.S. Fed. Government Officials, Officers, Agents, & Employees*, Civ. A. No.17-1475, 2017 WL 1324898, at *2 (E.D. Pa. Apr. 6, 2017) ("Nothing in the complaint provides a plausible basis for concluding that Ellerbe suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim.").

To the extent that Ellerbe recites conclusory labels of state law claims, he fails to meet the pleading standard to state a plausible claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and providing that conclusory allegations do not suffice). He relies on conclusory statements without reciting any acts to support those conclusions.

Because Ellerbe's claims are time-barred, repetitive and malicious, we shall dismiss his Complaint with prejudice. Because he cannot cure the defects in his complaint, we shall dismiss his complaint without leave to amend.

Considering the dismissal of his multiple complaints over several years, we shall direct Ellerbe to show cause why he should not be enjoined from filing any further civil actions alleging claims based upon the same facts raised in these cases without payment of filing fees.

## Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may enjoin litigants from engaging in "abusive, groundless and vexatious" conduct in filing meritless and repetitive actions. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Before issuing an injunction, the district court must satisfy three requirements. First, the court must ensure the litigant's rights to due process and access to the courts. *Id.* at 1038. Only if the litigant has been continually abusing the judicial process may the court consider issuing an injunction. *Id.*, see *also Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. Aug. 19, 2013). Second, the litigant must be given notice of the potential injunction and

an opportunity to oppose it. *Id.* Third, if an injunction is appropriate, it must be narrowly tailored to fit the particular circumstances of the case. *Id.*

As the history of Ellerbe's litigiousness demonstrates, he has persisted in filing frivolous and baseless actions. Over the course of several years, he has filed at least 35 actions in this court. The central theme of these cases is the same irrational bizarre conspiracy theory. With little variation in his allegations and the defendants, he asserts that every branch of the federal, state and local governments and officials have conspired to deprive him of his constitutional rights. As Judge Pratter found, "Mr. Ellerbe's allegations are irrational and wholly incredible." *Ellerbe v. U.S. Government*, 2014 WL 4446128 (E.D. Pa. 2014) (collecting *Ellerbe* cases).

Enough is enough. Repeatedly, the courts have dismissed Ellerbe's cases as frivolous and bizarre. Yet, he has persisted in filing repetitive and baseless *pro se* complaints asserting the same conspiracy theories against the same defendants, including some in one case and not in other cases, and then switching them in other cases. His filing this case is abusive and vexatious.

As to the second requirement, we are giving Ellerbe notice that he will be enjoined from filing future actions. The show cause order instructs him to specifically address why he should not be enjoined from filing any new action against any defendant he has previously named in his prior federal actions or that raises claims related to those he asserted in his earlier federal actions. If he responds to the notice and provides a satisfactory explanation why he should not be enjoined, an injunction will not be issued.

Typically, the scope of a pre-filing injunction must be limited to filings against defendants who have been previously named or involve the same subject matter at issue.

7

Where an injunction was limited to enjoining filings against the same defendants whom the plaintiff had named in the previously filed lawsuits or filings related to his state-court conviction at issue, the Third Circuit held that the injunction was sufficiently narrow to fit the circumstances of the case. *Day v. Toner*, 549 F. App'x 66, 67 (3d Cir. Jan. 10, 2014). Conversely, a district court's order barring the plaintiff from filing any future civil action in the judicial district was found to be overly broad. *Hill v. Carpenter*, 323 F. App'x 167, 171 (3d Cir. April 22, 2009) (citing *In re Packer Ave. Assocs.*, 884 F.2d 745, 748 (3d Cir.1989) ("There simply is no support in the law for permitting an injunction prohibiting a litigant from ever filing a document in federal court.")).

Ellerbe has been continually abusing the judicial process and has been doing so for years. He names as defendants anyone whom he perceives as conspiring against him. Each time his case is dismissed, he makes the same claims in a new action, naming a variety of new and previously named defendants.

Ellerbe's repeated filings have consumed expenditures of judicial time and costs. It consumes substantial judicial time and effort to wade through his lengthy and incomprehensible pleadings, taking time and resources from the consideration and resolution of meritorious cases.

Given Ellerbe's undeterred pursuit of his meritless conspiracy theories and harassment of the same and new defendants, a broader injunction that addresses more defendants and restricts the subject matter upon which he can base future filings is necessary. We shall restrict him from filing, without leave of court, new proceedings or actions raising any claims previously made, including those related to his bizarre conspiracy theories.

The injunction is narrowly tailored to restrict Ellerbe from filing new actions against defendants that he has previously sued regarding the same claims or issues. Although this injunction also restricts him from filing an action against defendants he has not named previously, he will be precluded from asserting a claim against new defendants only if it pertains to the subject matter in this and his previous actions.

Access to the courts will not be denied. Ellerbe will be permitted to file an action if he obtains leave of court. He will not be foreclosed from filing an action asserting new, non-frivolous claims against any defendant.

## Conclusion

Ellerbe's claims are abusive, vexatious, repetitive and meritless. Therefore, we shall dismiss his complaint with prejudice and without leave to amend.

Given Ellerbe's history of filing frivolous, repetitious and vexatious actions, we shall order him to show cause why we should not issue an injunction enjoining him from filing future actions without court authorization.

/s/ TIMOTHY J. SAVAGE J.